UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ADAMS,

Plaintiff,

v.

UNKNOWN WARD et al.,

Defendants.

Case No. 1:26-cv-395

Honorable Maarten Vermaat

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.”).[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff’s *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff’s allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff’s complaint for failure to state a claim.

## **Discussion**

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan, and the Thumb Correctional Facility (TCF) in Lapeer, Lapeer County, Michigan.

[1] *But see Coleman v. Lab. & Indus. Rev. Comm’n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), “context matters” and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black’s Law Dictionary for the definition of “parties” and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of “the term ‘parties’ solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of ‘parties’ in other contexts”).

Plaintiff sues DRF Resident Unit Manager (RUM) **Unknown Ward**, DRF Assistant Deputy Warden (ADW) **K. Novine**, and the **MDOC**.

In Plaintiff's complaint, he alleges that on September 18, 2024, he was in a fight in the "level 2 yard" at DRF.[2] (Compl., ECF No. 1, PageID.4.) After the fight, Plaintiff was found guilty of a fighting misconduct charge. (*Id.*) On September 30, 2024, Plaintiff was placed back in the level 2 housing unit at DRF. (*Id.*) Plaintiff states that he was in level 2 for "maybe 15 minutes" before he was involved in another fight with two people. (*Id.*) Plaintiff was found guilty of misconduct for that fight on October 8, 2024. (*Id.*)

On an unspecified date thereafter, Plaintiff asserts that at the Security Classification Committee, Defendant Ward and Defendant Novine told Plaintiff that they could not send him back to the level 2 housing unit "because all [of Plaintiff's] problems keep happening over there." (*Id.*) Defendant Ward and Defendant Novine also told Plaintiff that he could not be placed in the level 4 housing unit because of Plaintiff's points, and because the three people that Plaintiff fought were in level 4, so "they fear[ed] for retaliation or something else happening." (*Id.*) That same day, Plaintiff alleges he was told that he was being transferred to a different level 2 facility. (*Id.*) Later that day, Plaintiff states that he "was forced to leave segregation or get another ticket." (*Id.*) Plaintiff asserts that "they [then] placed [him] in . . . level 4." (*Id.*)

On October 10, 2024, Plaintiff states that, while in the level 4 housing unit, "a guy ran down the hallway [and] tried to hit [him] in [his] head." (*Id.*) Plaintiff asserts that "they officers watched the person run towards [Plaintiff]." (*Id.* (phrasing in original retained).)

[2] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

Plaintiff contends that Defendants Ward and Novine "knew the problem at hand" and "failed to protect [Plaintiff] from any harm." (*Id.*) Plaintiff states that he was thereafter "punished for protecting [himself]" by losing his "level 2 privileges" and having his "points [go] up to a[] level 4." (*Id.*)

Furthermore, on an unknown date, Plaintiff states he was transferred to TCF, "an all level 2 facility." (*Id.*) There, Plaintiff learned that he was found guilty of the last misconduct ticket he received at DRF for the October 10, 2024, altercation. (*Id.*) Plaintiff was told that he could not stay at TCF because he was found guilty of the misconduct ticket for fighting, which brought Plaintiff's points "from 12 to 15, which is level 4 points." (*Id.* (phrasing in original retained).)

Based on the foregoing allegations, Plaintiff raises failure to protect claims under the Eighth Amendment and due process claims under the Fourteenth Amendment against Defendants. As relief, Plaintiff seeks compensatory damages. (*Id.*, PageID.5.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Discussion

### A. Defendant MDOC

Plaintiff names the MDOC as a Defendant. (Compl., ECF No. 1, PageID.3.) However, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The State of Michigan, acting through the MDOC, is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that the MDOC is not a "person.").

Moreover, Plaintiff does not name the MDOC in the body of his complaint. (*See* Compl., ECF No. 1, PageID.4.) It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim,

a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a defendant is named without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore*, 92 F. App'x at 190.

Plaintiff does not name Defendant MDOC in the body of his complaint and thus makes no particular factual allegations against Defendant MDOC. (*See* Compl., ECF No. 1, PageID.4.) Therefore, Plaintiff's claims against Defendant MDOC fall short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2).

Accordingly, for these reasons, any intended claims against Defendant MDOC are properly dismissed for failure to state a claim.

**B. Eighth Amendment Failure to Protect Claims**

Plaintiff asserts that Defendant Ward and Defendant Novine violated his Eighth Amendment rights by failing to protect him.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833 (internal punctuation and citation omitted).

To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (applying deliberate indifference standard to failure to protect claims). Deliberate indifference is a higher standard than negligence and includes both objective and subjective components. *Farmer*, 511 U.S. at 834–35. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. To satisfy the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. This subjective component requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.; *see Bishop*, 636 F.3d at 766–67. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844; *see Hamilton*, 341 F. App'x at 172.

In this case, Plaintiff claims that Defendants Ward and Novine failed to protect him from another inmate, however, as explained below, Plaintiff's factual allegations do not show that Defendants Ward and Novine acted with deliberate indifference.

On September 18, 2024, and September 30, 2024, Plaintiff was involved in fights with other inmates at DRF. (Compl., ECF No. 1, PageID.4.) On an unspecified date after October 8,

2024, at the Security Classification Committee, Defendants Ward and Novine told Plaintiff that he could not be placed back in the level 2 housing unit because Plaintiff's "problems keep happening over there." (*Id.*) Defendant Ward and Defendant Novine also told Plaintiff that he could not be placed in the level 4 housing unit because of "[his] points" and the three inmates who fought Plaintiff were in level 4, and "they fear[ed] for retaliation or something else happening." (*Id.*) At some point later that same day, Plaintiff was told he would be transferred to a different level 2 facility, and that same day, Plaintiff "was forced to leave segregation or get another ticket." (*Id.*) Plaintiff asserts that "they [then] placed [him] in . . . level 4." (*Id.*) Then, on October 10, 2024, "a guy ran down the hallway and tried to hit [Plaintiff] in [his] head." (*Id.*) Plaintiff alleges in a conclusory manner that Defendants Ward and Novine "knew the problem at hand" and "failed to protect [Plaintiff] from any harm." (*Id.*) Although Plaintiff alleges in a conclusory manner that Defendants Ward and Novine failed to protect Plaintiff, as explained below, the facts alleged in the complaint fail to state a claim under the Eighth Amendment. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of actions, supported by mere conclusory statements, do not suffice.").

As an initial matter, it is not clear that Defendants Ward and Novine were involved in Plaintiff's placement in level 4 on October 8, 2024. Plaintiff alleges only that "they placed [him] in . . . level 4" without specifying who in fact was involved in this placement. (Compl., ECF No. 1, PageID.4.) Further, Plaintiff does not assert that Defendants Ward and Novine were the "officers" who watched the inmate run towards Plaintiff and try to hit him in level 4. (*Id.*); *see Zakora v. Chrisman*, 44 F.4th 452, 468 (6th Cir. 2022) (finding that a complaint's ambiguous reference to "they" does not support an inference that specific defendants are at fault).

Moreover, even assuming that Defendants Ward and Novine were involved in placing Plaintiff in level 4 on October 8, 2024, Plaintiff does not assert that the inmate who attacked him was one of the three inmates that Plaintiff had previous altercations with, nor assert that the attack was in retaliation for those altercations. And, it is not clear from Plaintiff's allegations that the level 4 unit where he was placed was the same level 4 unit where the three inmates from the prior physical altercations were housed. Plaintiff's factual allegations show only that some other inmate in level 4 assaulted Plaintiff. However, Plaintiff does not allege that the inmate who assaulted him had previously threatened him or otherwise posed a risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 837. Under these circumstances, without facts suggesting that Defendants Ward and Novine were aware of some other specific risk to Plaintiff in the level 4 unit, and disregarded that risk, this Court cannot infer that they were deliberately indifferent.

Further, Plaintiff's own factual allegations show that Defendants Ward and Novine took reasonable measures to guarantee Plaintiff's safety. *See Farmer*, 511 U.S. at 832. Defendants Ward and Novine were aware that three inmates in level 4 posed a risk to Plaintiff because of recent altercations. (Compl., ECF No. 1, PageID.4.) Thus, Defendants Ward and Novine told Plaintiff that he would be transferred to a different level 2 facility. (*Id.*) Defendants removed Plaintiff from the level 2 unit to prevent further "problems [from] happening over there" and arranged for Plaintiff to eventually be transferred to a different facility. (*Id.*) It appears that Plaintiff was placed in a level 4 unit until he could be transferred to the new facility; Plaintiff was transferred to TCF on an unspecified date after the October 10, 2024 altercation. (*Id.*) These factual allegations, taken as true, indicate that Defendants took reasonable measures to prevent future harm to Plaintiff by removing him from level 2 and arranging his transfer to a different facility. While the Court does not minimize the assault on Plaintiff, the factual allegations suggest, at most, that Defendants Ward

and Novine may have been negligent in placing Plaintiff in a level 4 unit while he awaited transfer to a different facility. However, an Eighth Amendment violation requires a "state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

Accordingly, for these reasons, Plaintiff fails to state an Eighth Amendment failure to protect claim against Defendants Ward and Novine.

**C. Fourteenth Amendment Due Process Claims**

The Court construes Plaintiff's complaint to raise Fourteenth Amendment due process claims regarding Plaintiff's security reclassification and transfer to a higher security level facility.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The United States Supreme Court has held that prisoners do not have a protected liberty interest in the procedures affecting security classification because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Further, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976).

Accordingly, for the aforementioned reasons, Plaintiff's Fourteenth Amendment due process claims will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: September 2, 2026

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge